**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA RICE-DAVIS, | ) | |
| | ) | No 15-cv-06348 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKISHA BANNISTER, | ) | JUDGE: Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK | ) | |
| COUNTY (HACC) | ) | |
| | ) | MAGISTRATE: Susan E. Cox |

**MOTION TO REMAND**
**AND**
**MEMORANDUM OF LAW**

NOW COMES the Plaintiff, BRENDA RICE-DAVIS, and pursuant 28 U.S.C. §§ 1447

*et. seq*. hereby files a Motion to Remand the original subject matter removed by the Defendants,

from the Sixth District Court of Cook County for lack of subject matter jurisdiction. In support

of this Motion to Remand, the Plaintiff states as follows unto this Honorable Court:

1)      Defendants filed a Notice of Removal upon this court on July 21, 2015. A copy of

Defendant's Notice of Removal is attached hereto and is marked as Exhibit "A".  Plaintiff filed

her Complaint with the Circuit Court of Cook County, Sixth Municipal District on June 22,

2015.

2)      The Plaintiff commenced this action alleging Count I -Negligence and Count II –Breach

of Duty due to defendants violating 50 ILCS 135/10(b), an Illinois statute directed under

"Political Rights Protected".

3)      This Honorable court does not possess original jurisdiction of the civil action "Political

Rights Protected" arising under 50 ILCS 135/10(b).

1

4)  A removing defendant has the burden of proving the existence of federal jurisdiction.

Topscott v. MS Dealer Serv. Corp 77 F.3d 1353, 1356 (11th Cir.1996) and *Golden v. Dodge-Markham Co., Inc.,* 1 F.Supp.1360, 1362 (M.D. Fla. 1998); *see also Calbalceta v. Standard Fruit Company,* 883 F.2d 1553 (11th Cir. 1989) (Florida) "Removability should be determined according to the Plaintiff's pleading at the time of the petition for removal." Coker v. Amoco Oil Co. 709 F. 2d 1433, 1440 (11th Cir.1983)   It is well settled that the question of subject matter jurisdiction is a snapshot of the complaint at the time of removal. Chadwick v. Shell Oil Co. 828 F. Supp 26, 27 (E.E La 1993)

5)  "An order remanding the case may require payments of just costs and any actual expenses, including attorney's fees, incurred as a result of removal". 28 U. S. C. 1447(c) Also See, Morris v. Bridgestone/Firestone, Inc. 985 F. 2d 238, (6th 1993) (removal followed by remand warrants an award of attorney's fees) Gray v. New York Ins. Co. 906 F. Supp 628 (N. D Ala.) (good faith is no defense to a 28 U.S.C §1447(c) fee claim)

6)  Plaintiff was forced to respond to the defendant's Notice of Removal and is entitled to reasonable cost associated with this Motion.

7)  This Motion to Remand is filed within thirty (30) days after the initial filing of the Notice of Removal. The Motion to Remand is supported by the attached Memorandum of Law.

WHEREFORE, Plaintiff, Brenda Rice-Davis, respectfully requests this Court to remand the abovementioned action to the Circuit Court, Sixth District of Cook County in Illinois for further proceeding and award reasonable cost with this Motion.

## MEMORANDUM OF LAW

*Introduction*

I. *Defendant is required to Prove that Jurisdiction exist.*

Federal Statute 28 U.S.C §1331 entitled: "Federal Question"

> *The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States*

28 U.S.C. § 1331

> United States Code § 1447 (c) (2008) entitled: "Procedure After Removal Generally" provides in pertinent part:

> *A motion to remand the case on the basics of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.*

28 U.S.C § 1447 (c) 2008

Whether to file in State or Federal court is one of the decisions a Plaintiff must make before she files a lawsuit. A Plaintiff may move to remand the case to the state court from which it was removed if the District Court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). Therefore, the court's initial inquiry here is to decide to remand this case back to state court pursuant to 28 U.S.C. 1447(c) for lack of subject matter jurisdiction and defect of removal procedure.

The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed 1214, (1941)* The Ninth Circuit recognizes a "strong presumption against removal" Gaus v. Miles 980 F.2d

3

564,566 (9th Cir.1992).(internal quotations omitted)   The defendant's Notice of Removal only contains conclusory allegations in support of their claim that federal jurisdiction exist. "Jurisdictional facts are assessed on the basics of Plaintiff's complaint as of the time of removal. Burns v. Windsor Inc. 31 F.d 1092, fn 13(11th Cir 1994) (citing, Pullman Co. v Jenkins 305 U.S 534, 537, 59, S. Ct 347, 348, 83 L F d 334(1939).   Any doubts as to removability should be resolved in favor of remand. Matheson v. Progressive Specialty Ins. Co 319 F.3d 1089, 1090 (9th Cir.2003)

Federal courts are courts of limited jurisdiction and the burden of establishing subject matter jurisdiction in the federal court is on the removing party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); Wilson v. Republic Iron & Steel Co. 257 U.S. 92, □97, (1921) 2

"Since the removing defendant bears the burden to show federal jurisdiction, a Plaintiff whose state-law claims *merely* refer to a federal constitutional provision or statue should not be required to expressly forego federal claims in her complaint in order to avoid removal; such would undermine Plaintiff's freedom, as master of her complaint, to choose state law." Gertek Blgd. Products Inc. v. Steel Peel Litigation Trust 491 F. 3d 320 (6th Cir 2007).   Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Libhart v. Santa Monica Diary Co.592 F. 2d 1062, 1064 (9th Cir. 1979)

Plaintiff had not asserted Federal based laws but **State law-based claims** against defendant. Under the rule of requiring complaint be "well-pled", the Court must determine whether the action is removable based upon the allegations "on the face of the complaint", since the Plaintiff "is the master to decide what law he will rely upon." Caterpillar, Inc. v. Williams, 482 U. S. 386, 392 (1987). Thus, if the Complaint properly pleads State law claims

4

only, the action may not be removed, *even if federal law provides a complete defense to the State law claims asserted, and even if the parties agree that the federal defense is the only question truly at issue in the case.* Franchise Tax Bd. of Cal v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 34, 77 L. Ed 2d 420, 103 S. Ct. 2841(1983) and Merrell Dow Pharmaceuticals, Inc v. Thompson, 478 U.S. 804 (1986)

The defendant is accurate in their Notice of Removal that the Plaintiff did not *explicitly* bring her claims under the Voting Rights Act of 1965 §2 *et seq.*, or 42 U.S.C.A § 1973 *et seq.*, therefore "*the removing court will seek to determine whether the real nature of the claim is federal, regardless of Plaintiff's characterization*" 14 □ C□ Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3722, pp.564-566(1976) (cited with approval in Federated Dep't Stores v. Moitie, 452 U.S. 394, 101S. Ct 2424, 69L. Ed 103(1981))

The State-law based claims asserted by the Plaintiff in her complaint are **not** "*completely pre-empted*" by federal law, therefore it is not removable. Metropolitan Life Ins. Co., 481 U. S. 58, 65-66(1987) and Avco Corp. v. Machinists, 390 U.S.557, 560(1968)

The resolution of the State-law based claim is **not** necessarily depended upon the resolution of a substantial question of federal law. Merrell, 478 U. S. 804, 807 n. 2. (1986) and Franchise, 463 U.S. 1, 27-28(1983) 3.

> ***Furthermore, federal question may extend to state-law causes of action if it appears from the compliant that a right to relief substantially depends upon the construction or application of federal law but, if the embedded issue of federal law is not substantially dispositive of the entitlement to relief on a state-law cause of action, then federal–question jurisdiction is lacking.

Here defendant's Notice of Removal invokes federal question jurisdiction (citing 28 U.S.C. § 1331). A case "arises under" federal law either where federal law creates the cause of

5

action or where the vindication of a right under state law necessarily turns on some construction of federal law. Republican Party of Guam v. Gutierrez 277 F.3d 1086, 1088(9th Cir 2002)

Consequently, if the claim[s] in issue does not arise **directly** under federal law, then the courts must carefully examine precedent to determine whether or not there is authority to support the defendant's allegations that the state-law based claim asserted is pre-empted.

Furthermore, inasmuch as the subject Complaint, Plaintiff did bring claims for deprivation of voting and voter registration rights, but these claims fall directly under the "Political Rights Protected", and well within the full scope of the 50 ILCS 135/10(b). Thus, the removal of this action is improper under 28 U.S.C. §§ 1441(a) and (b).

"The federal question the defendant claims is under the Voting Rights of 1965 forbids imposition of voting qualifications *on account of race or color* that results in denial or abridgement of rights to vote." Republic Party of North Carolina v. Martin, C.A. 4(N.C) 1992, 980 F. 2d 943

The Plaintiff's complaint does *not* explicitly or utterly allege that her rights were denied *on account of race or color,* but by intentional malice induced by the defendant. The Plaintiff asserts in her complaint that her "ejection" is simply a sophisticated mechanism for hindering the Plaintiff from enjoying the Political Activity held on March 10, 2015, and definitely not based on race or color. (O. Complaint #46)

"To successfully prove claim[s] under the Voting Rights Act of 1965, Plaintiff must not (1) only support claims regarding alleged inability to elect representatives of its choice, but (2) also show that *"members of protected class"* have [had] less opportunity to participate in the

political process." <u>African-American Citizens for Change v. Robbins, E.D. MO 1993, 825 F. Supp 885, affirmed 24 F 3d 1052</u>

Plaintiff is a member of the "general public" and that membership is intended to be protected by the 50 ILCS 135/10(b) or the reasonable and customary political practices. (O. Complaint #40)

Therefore, defendant has not met her burden to show that removal is proper. Plaintiff's complaint does not include any claims under federal law or otherwise raise any federal question. <u>Litton Loan Servicing, L.P v. Villegas, C10-05478 PJH, 2011 WL 204322, at *2 (N.D.Cal.) Jan 21, 2011)</u>

Assuming arguendo, that defendant's correctly claim that determining Plaintiff rights and defendant's duties in this case turns on federal law, Notice of Removal would not be sufficient to create federal question jurisdiction and the well-pleaded complaint rule, because defendant's claim is only a federal defense. <u>See Caterpillar, 482 U.S. at 393</u>

In addition, "When Plaintiff alleges facts both state and federal law; Plaintiff normally is free to ignore the claims arising under federal law and "pitch her claim" on state grounds, thereby precluding removal on the basis of federal question jurisdiction." <u>Franchise Tax Board v. Constructions Laborers Vocation Trust, 463 U.S. 1, 22, 103 S. Ct 2841, 2853, 77 L. Ed. 2d 420 (1983)</u>

Moreover, removal will deprived Plaintiff of the right to choose her forum, undermining the principle that states courts should be respected as "the primary arbiters of state law". <u>Bush v. Gore 531 U.S. 98, 138-43(2000)</u> (discussing the court's consistent deference to ruling of state law rendered by state courts.) <u>Burns Co. 31 F. 2d at 1092, 1095</u> (discussing Plaintiff's rights to chose the forum of litigation.)

"A time–honor principle of federal jurisdiction is that the Plaintiff, as the party claiming injury and bearing the ultimate burden of proof, is entitled to significant deference in controlling the forum of litigation." See Burns, 31, F. 3d. at 1095. "Defendant's rights to remove and Plaintiff's right to choose her forum are not on equal footing." Burns 31 F. 2d at 1095 and Doe v. Allied-Signal Inc. 985 F. 2d 908, 911(7th Cir. 1993) ("courts should interpret the removal statue *narrowly* and presume that the Plaintiff may chose her forum".) Continental Carriers, Inc v. Rodgers Good Pasture and Indian Refrigeration Lines, Inc 169 F Supp 602, 604 (M.D Ga. 1959)

Courts have recognized that the removal process can be abused, either through ignorance, or as a result of improper litigation tactics, by defendant's who cause severe disruption in the state courts proceeding, as well as an intolerable waste of time, money and other resources*."* Ellen Bloomers Mitcher, "Improper Use of Removal and its Disruptive Effect on State Proceedings. A Call to Reform. 28 U.S.C. § 1446, 21 St. Mary's L/ J 59, 60 (1989)

*II. Defendants did not meet the Statutory Procedure Requirement.*

The removal procedure was flawed in pursuant to FRCP Rule 5 (a) (1) (E) and (b) (2) (C). " A paper is served under this rule: (a) handing it to the person, (b) leaving it; (i) in the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office, or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (c) mailing it to the person's last known address, in which event service is complete upon mailing*, etc.*" *Copies of all the documents [Notice of Removal] must be promptly served upon the Plaintiff*, pursuant to statute's procedural requirement Supreme Court Rule 11.

In this case, the manner of serving documents was improper when defendant merely slid Notice of Removal under the Plaintiff's unit door on June 21, 2015. This violated Rule 11 (b) (3) by not actually delivering Notice[s][1] via U. S. Mail, as defendant's claimed in its "Notice of Filing and Proof of Service", filed in the Cook County of Circuit Court, Sixth District and "Notice of Filing and Certificate of Service" filed with this Honorable Court. (Attached hereto and is marked as (Exhibit "B" and Exhibit "C"). (Exhibit D, Affidavit) (*See footnote*) (*Additional Proof upon Discovery)

Thus, the removal is ineffective. Therefore, the aggrieved Plaintiff should be compensated for the cost and time spent responding to the defendant's jurisdictional argument and erroneous removal. Coca Cola Bottling of Emporia, Inc v S. Beach Beverage Co. 198 F. Supp 2d 1280, 1285-86 (d-Kan. 2002) and Roddy, 2002 WL 1398534, at *6 and Bridgestone/Firestone, 203 F. Supp, 2d. at 1039 and Alaska v Gen. Ins. Co. of Am. 826 F. Supp 309, 310 (D-Alaska 1993). This "improvident" removal was not a good removal sufficient to justify the attempt. Gray v. New York Ins. Co 906 F. Supp 628, 635, 637 (M.D. Ala 1995)

*Conclusion*

Federal jurisdiction either exists at the time of removal or it does not. It is the defendant's burden to prove that federal jurisdiction exists. A defendant either meets this burden or it does not. Defendant failed to prove that federal jurisdiction exists. Plaintiff has shown that defendant lacked an objectively "reasonable" basis for removal, and instead removed the case only as a

---

[1] Re: DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE PLEADING TO PLAINTIFF'S COMPLAINT: Certificate of Service via Electronic Filing and U. S. Mail certifies that Motion was served via Certified Mail **and** U. S. Mail upon Plaintiff. (*Page (3) three of Motion.*)

tactic to stall the litigation process. This matter must be remanded for further proceedings, and

allow the proceedings to continue where the Plaintiff had originally commenced herein.

Respectfully Submitted,

Brenda Rice-Davis,
Plaintiff, *pro se*
15306 South Robey Avenue
Unit #410
Harvey, Illinois 60426
773/239-1580
Attorney No. 99500

Exhibit "A"

0015/14-3080.WG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA RICE-DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO: |
| | ) | |
| LAKISHA BANNISTER, | ) | JUDGE: |
| HOUSING AUTHORITY OF COOK | ) | (Removal of Case No. 2015 M6 005225 |
| COUNTY (HACC), | ) | filed in the Circuit Court of Cook |
| | ) | County, Sixth Municipal District, |
| | ) | Illinois)4 |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COME the Defendants, LAKISHA BANNISTER and the HOUSING AUTHORITY OF COOK COUNTY (hereinafter collectively referred to as "Defendants"), by and through one of their attorneys, DEBORAH ANNE OSTVIG of JUDGE, JAMES & KUJAWA, LLC, and, pursuant to 28 U.S.C. § § 1441 *et seq.,* (and, including 28 U.S.C. § § 1441(a) and (b) and 1446), hereby file their Notice of Removal of the subject action based on this Court's original jurisdiction of the Plaintiff's claims arising under the Constitution or laws of the United States of America. In support of this Notice of Removal, the Defendants state as follows unto this Honorable Court:

1.      Plaintiff BRENDA RICE-DAVIS filed her Complaint in the Circuit Court of Cook County, Sixth Municipal District on June 22, 2015. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A". A copy of the Plaintiff's Complaint was served on the Defendant Housing Authority of Cook County ("HACC") on June 25, 2015. The summons is

L:\Main30\3080\2015 M6 005225 [OPEN]\Notice of Removal.2.docx

1

attached hereto and marked as Exhibit "B".

2.      The subject Complaint is brought under the Voting Rights Act of 1965 § 2 *et seq.*, 42 U.S.C.A. § 1973 *et seq.*

3.      Although Plaintiff does not explicitly bring claims under the Voting Rights Act, Plaintiff claims a depravation of her voting and voter registration rights.   (Ex. A.)

4.      This Honorable Court possesses original jurisdiction of all civil actions arising under the Constitution, laws, or treatise of the United States, pursuant to 28 U.S.C. § 1331. Inasmuch as the subject Complaint has brought claims for deprivation of the Plaintiff's claimed voter and voter registration rights, and brought under the Voting Rights Act of 1965 § 2 *et seq.*, 42 U.S.C.A. § 1973 *et seq.*, removal of this action is proper under 28 U.S.C. § § 1441(a) and (b).

5.      The undersigned, as attorney for all named Defendants, hereby affirmatively states that all Defendants agree and consent to the removal of the subject action to the United States District Court for the Northern District of Illinois.

6.      This Notice of Removal is filed within thirty (30) days after the receipt of the subject Complaint by the Defendants.

7.      Notice of the removal of this civil action will be promptly served on Ms. Brenda Rice-Davis, *pro se.*

8.      Further, this Notice of Removal shall be promptly filed with the Clerk of the Circuit Court of Cook County, Sixth Municipal District, Illinois, in order to effect removal of this action.

WHEREFORE Defendants, LAKISHA BANNISTER and the HOUSING AUTHORITY OF COOK COUNTY, respectfully pray that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings as though it had been originally commenced herein.

Respectfully Submitted,

s/ Deborah A. Ostvig
DEBORAH A. OSTVIG, Atty No. 628 7031
MICHAEL E. KUJAWA , Atty No. 6244621
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants,
LAKISHA     BANNISTER     and     HOUSING
AUTHORITY OF COOK COUNTY

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

# Exhibit "B"

0015/14-3080.WG                                         #27915

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) |
| COUNTY OF COOK | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT – SIXTH DISTRICT

| | | | |
|---|---|---|---|
| BRENDA RICE-DAVIS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | NO: | 2015 M6 005225 |
| | ) | | |
| LAKISHA BANNISTER, | ) | | |
| HOUSING AUTHORITY OF COOK (HACC), | ) | | |
| | ) | | |
| Defendants. | ) | | |

### NOTICE OF FILING

TO:    Brenda Rice-Davis
          Plaintiff, *pro se*
          15306 South Robey Ave. Unit 410
          Harvey Illinois 60643

      PLEASE TAKE NOTICE that on the 21ˢᵗ day of July, 2015, we mailed for filing with the Clerk of the Circuit Court, Sixth Municipal District, the following:

-   **DEFENDANTS' NOTICE OF REMOVAL**

      A copy of each such pleading is attached hereto and herewith served upon you.

### PROOF OF SERVICE

Pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I swear under oath and under penalties of perjury that I served this notice and the attachments to the aforementioned *pro se* Plaintiff, Brenda Rice-Davis, by depositing the same in the United States mail chute at 422 North Northwest Highway, Park Ridge, Illinois 60068, with proper postage prepaid, on July 21, 2015.

*Carol A. Stowers*

**JUDGE, JAMES & KUJAWA, LLC**
**422 NORTH NORTHWEST HIGHWAY, SUITE 200**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-1200**

JUDGE, JAMES &
KUJAWA, LLC.
ATTORNEYS AT LAW
422 N. NORTHWEST HIGHWAY
SUITE 200
RK RIDGE, ILLINOIS 60068-3283
(847) 292-1200
FAX: (847) 292-1208

L:\MAIN30\3080\2015 M6 005225 [OPEN]\NOF ST CT NOTICE 07.21.15.DOCX\10/10/02

# Exhibit "C"

0015/14-3080.WG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA RICE-DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO: |
| | ) | |
| LAKISHA BANNISTER, | ) | JUDGE: |
| HOUSING AUTHORITY OF COOK | ) | (Removal of Case No. 2015 M6 –005225 |
| COUNTY (HACC), | ) | filed in the Circuit Court of Cook |
| | ) | County, Sixth Municipal District, |
| | ) | Illinois) |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:    Brenda Rice-Davis
       Plaintiff, *pro se*
       15306 South Robey Ave. Unit 410
       Harvey Illinois 60643

The undersigned hereby certifies that a true and correct copy of Defendants' LAKISHA BANNISTER and the HOUSING AUTHORITY OF COOK COUNTY, Notice of Removal was filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, on July 21, 2015.   A copy was mailed via First Class U.S. Mail to the aforementioned *pro se* Plaintiff, Brenda Rice-Davis.

Respectfully Submitted,

s/ Deborah A. Ostvig
DEBORAH A. OSTVIG, Atty No. 628 7031
MICHAEL E. KUJAWA , Atty No. 6244621
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants,
LAKISHA BANNISTER and the HOUSING
AUTHORITY OF COOK COUNTY

## **CERTIFICATE OF SERVICE VIA ELECTRONIC FILING AND U.S. MAIL**

The undersigned, an attorney, hereby certifies she caused a copy of the foregoing Notice of Removal to be electronically filed and <u>served via U.S. Mail</u> upon:

Brenda Rice-Davis, *pro se*
15306 South Robey Ave. Unit 410
Harvey Illinois 60643

Dated:   July 21, 2015

s/ Deborah A. Ostvig
JUDGE, JAMES & KUJAWA, LLC
MICHAEL E. KUJAWA
DEBORAH A. OSTVIG, Atty No. 628 7031
One of the Attorneys for Defendants,
LAKISHA BANNISTER and the HOUSING
AUTHORITY OF COOK COUNTY

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

L:\Main30\3080\2015 M6 005225 [OPEN]\Notice of Removal.2.docx

4

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS AND U.S. MAIL

The undersigned, an attorney, hereby certifies he caused a copy of the foregoing Notice of Motion to Extend Time to file Responsive Pleading to Plaintiff's Complaint to be served via electronic filing and U.S. Mail upon:

Brenda Rice-Davis, *pro se*
15306 South Robey Ave., Unit 410
Harvey, IL   60643

On July 29, 2015.

s/ *DEBORAH A. OSTVIG*
DEBORAH A. OSTVIG Atty No. 6287031
JUDGE, JAMES & KUJAWA, LLC
Attorneys for Defendants, LAKISHA BANNISTER
and HOUSING AUTHORITY OF COOK
COUNTY

**JUDGE, JAMES & KUJAWA, LLC**
**422 NORTH NORTHWEST HIGHWAY**
**SUITE 200**
**PARK RIDGE, ILLINOIS 60068**
**(847) 292-1200**
**(847) 292-1208 (fax)**

l:\main30\3080\nom.001.docx

## <u>CERTIFICATE OF SERVICE VIA ELECTRONIC FILING AND U.S. MAIL</u>

The undersigned, an attorney, hereby certifies she caused a copy of the foregoing Defendants' Motion to Extend Time to File A Responsive Pleading to Plaintiff's Complaint to be electronically filed and <u>served via Certified Mail and U.S. Mail upon:</u>

Brenda Rice-Davis, *pro se*
15306 South Robey Ave. Unit 410
Harvey Illinois 60643

Dated:    July 29, 2015

s/ Deborah A. Ostvig
JUDGE, JAMES & KUJAWA, LLC
MICHAEL E. KUJAWA
DEBORAH A. OSTVIG, Atty No. 628 7031
One of the Attorneys for Defendants,
LAKISHA BANNISTER, RODNEY DAVIS and THE
HOUSING AUTHORITY OF COOK COUNTY

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

# Exhibit "D"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA RICE-DAVIS, | ) | |
| | ) | No: 15-cv-06348 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKISHA BANNISTER, | ) | JUDGE: Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK | ) | |
| COUNTY (HACC) | ) | MAGISTRATE: Susan E. Cox |
| Defendants, | ) | |

## AFFADAVIT FROM RECIPENT OF U. S. MAILBOX

I, <u>VINDEE WINFREY</u>, SWEAR UNDER OATH THAT THE STATEMENT BELOW IS ACCURATE AND TRUE:

      I, VINDEE WINFREY reside at the Turlington West Apartments (TWA) located at 15306 South Robey, <u>Apartment 410</u> in Harvey, Illinois 60426.

1) On July 21, 2015, approximately 5pm, I and Brenda Rice-Davis entered my apartment located at the abovementioned address.

2) Upon entering, a large yellow envelope addressed to Rice-Davis from Judge, James & Kujawa, LLC had been slid under my door and was lying on the floor of my unit.

3) Prior to July 21, 2015 and up to this present date, I have been the legal tenant of Unit 410 and key holder of # 410 U.S. Mailbox located in the lobby of the abovementioned apartment complex. There is no other person who possesses a key to my mailbox that I am aware of.

4) From July 21, 2015 to August 13, 2015; (a three weeks span) I attest that <u>no large or small envelope has been delivered to my personal mailbox by the U.S. Postal Service addressed to Rice-Davis from Judge, James & Kujama, LLC.</u>

5) Between July 29, 2015 and August 6, 2015, I was inside my unit, walking toward my kitchen when I discovered a large yellow envelope lying on the floor, near my door.

6) I picked it up and discovered it was addressed to Rice-Davis from Judge, James & Kujama, LLC. I then summoned Rice-Davis, acknowledging that it was from the law

office of Judge, James & Kujama, LLC. Rice-Davis has been receiving correspondence via U.S. Postal Service and some via *slid under my unit door* from the law office of Judge, James & Kujama, LLC since October, 2014. Rice-Davis has been residing in the abovementioned address since June of 2012, utilizing it as her legal mailing address.

7) On the morning                          , same day she received the second envelope, Rice-Davis and I were about to exit the Turlington West Apartment complex, when I encountered *Mr. Robert Matthews, Asset Manager of Turlington West Apartments* leaving his office. I approached him, Rice-Davis as witness, and asked him if he had placed a yellow envelope under my door that morning? He replied "*No*" and stated, "*I haven't been up to your apartment this morning*. Then I ask Mr. Matthews if he had placed a yellow envelope under my door on July 21, 2015, approximately two weeks before and he replied "*No …I don't know what you are talking about".

8) The facts above is true and to the best of my knowledge.

DATE: 8-19-2015                    Vindee Winfrey

VINDEE WINFREY


**NOTARY PUBLIC**

State of Illinois
County of Cook

Subscribed and sworn before me this AFFADAVIT on this 19th day of August, 2015 by VINDEE WINFREY, as the signer of this document.

Signature of NOTARY

(Notary Seal)

> OFFICIAL SEAL
> KIM D. PEAKE
> NOTARY PUBLIC, STATE OF ILLINOIS
> My Commission Expires Jan. 2, 2019

My commission expires: 01-02-2019

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**

AUG 2 0 2015
AUG 20, 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| BRENDA RICE-DAVIS, | ) | |
| | ) | No: 15-cv-06348 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKISHA BANNISTER, | ) | JUDGE: Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK | ) | |
| COUNTY (HACC) | ) | MAGISTRATE: Susan E. Cox |
| Defendants, | ) | |

**NOTICE OF FILING**
**AND**
**CERTIFICATE OF SERVICE**

I, BRENDA RICE-DAVIS, the undersigned, being first duly sworn oath, deposes and says that she personally delivered the original and (3) copies of the attached <u>Motion to Remand and Memorandum of Law</u> to the above mentioned cause to the Clerk of the above mentioned and delivered (1) copy to the law office on *8/20/2015* via U.S. Mail Postal Service upon:

JUDGE, JAMES & KUJAWA. LLC
422 N. NORTHWEST HIGHWAY, SUITE 200
PARK RIDGE, ILLINOIS 60068
C/O DEBORAH A. OSTVIG, ATTY NO. 628 7031
ATTORNEYS FOR DEFENDANTS

DATE: *8-19-2015*          _____
                                      Plaintiff's Signature

Subscribed and sworn before me this *19th* day of *August*, 2015.

_____
Notary Public

(NOTARY SEAL) My commission expires: *01-02-2019*

OFFICIAL SEAL
KIM D. PEAKE
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jan. 2, 2019

11