UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA RICE-DAVIS | ) |
|    Plaintiff, | ) |
| v. | )   No: 15-cv-06348 |
| LAKISHA BANNISTER and | ) Judge Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK COUNTY | ) |
| | ) Magistrate Susan E. Cox |
|    Defendants. | ) |

**MOTION FOR RECONSIDERATION OF MOTION TO REMAND**

Plaintiff, BRENDA RICE-DAVIS, by her attorney, Stephen Stern moves that this Court enter an order remanding the case back to the Circuit Court of Cook County Illinois for lack of federal question jurisdiction and award costs and attorneys fees pursuant to 28 U.S.C. § 1447 (c). In support of this Motion Plaintiff states:

    1. On June 22, 2015 Plaintiff filed a Complaint against the Defendants LAKISHA BANNISTER (hereinafter "Bannister") and the HOUSING AUTHORITY OF COOK COUNTY (hereinafter "HACC") in the Circuit Court of Cook County Illinois, a copy of which is attached hereto as **Exhibit A**.

    2. As detailed more fully in the attached Complaint and Plaintiff's summary of it in the MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION TO REMAND AND FOR AWARD OF COSTS AND ATTRONEYS FEES (hereinafter referred to as "Memorandum of Law") submitted in conjunction with this Motion, the Complaint only alleged violations of a state statute and a common law claim of negligence.

    3 After being served the Plaintiff's Complaint the Defendants filed with this Court a NOTICE OF REMOVAL (hereinafter referred to as "Notice") and in the Notice the Defendants alleged in relevant part that "The subject Complaint is brought under the Voting Rights Act of 1965 § 2 *et. seq.*, 42 U.S.C.A.§ 1973 *et. seq.*

    4. After being served with the Notice Plaintiff filed *pro se* a Motion to Remand the case back to State Court.

    5. On September 11, 20115 this Court entered an order providing that Plaintiff's Motion to Remand was denied without prejudice, given that the facts that would support remand and/ or this Court's Jurisdiction are at issue.

1

      6. Plaintiff's *pro se* Motion to Remand failed to attach the Complaint at issue and point out the relevant allegations contained in the Complaint as well as cite to precedent from this Circuit detailing the requirements and burdens related to remanding a case back to state court pursuant to 28 U.S.C. § 1447 (c).

      7. Plaintiff's *pro se* Motion to Remand also failed to point out the relevant statutory language and legislative history detailing what types of claims are viable under the Voting Rights Act, which Defendants claimed was the basis for Plaintiff's Complaint filed in State Court..

      8. These omissions are now addressed in this Motion and in the Memorandum of Law submitted in conjunction with this Motion..

      9. Based upon the Court's September 11, 2015 Order and the provision in 28 U.S.C. § 1447 (c) that the court may at any time before final judgment remand a case to state court if it finds that it lack subject matter jurisdiction and may award attorneys fees and costs "incurred as a result of the removal", this motion is proper.

      10. It is clear that Complaint filed in State Court by Plaintiff cannot plausibly be construed as raising a claim under the Voting Rights Act of 1965.

      WHEREFORE, Plaintiff respectfully requests that this Court enter and order remanding this case to the Circuit Court of Cook County Illinois for lack of federal question jurisdiction and enter a finding that removal was improper. Plaintiff also requests that the Court grant an award of costs and attorney's fees to Plaintiff as well as any other relief the Court deems appropriate

      Respectfully submitted,

      By /s/ Stephen Stern
      Plaintiff's Attorney

Stephen Stern Attorney No. 50749
Law Office of Stephen Stern
36 S. Randolph Street, Suite 505
Chicago, Illinois 60601
(312) 263-1887
ssternlawoff@sbcglobal.net

2