**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA RICE-DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No: 15-cv-06348 |
| | ) | |
| LAKISHA BANNISTER and | ) | Judge Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK COUNTY | ) | |
| | ) | Magistrate Susan E. Cox |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION TO REMAND AND FOR AWARD OF COSTS AND ATTRONEYS FEES**

Plaintiff, BRENDA RICE-DAVIS, by her attorney, Stephen Stern, submits the following in support of her MOTION FOR RECONSIDERATION OF MOTION TO REMAND:

**FACTS**

On June 22, 2015 Plaintiff filed a Complaint against the Defendants LAKISHA BANNISTER (hereinafter "Bannister") and the HOUSING AUTHORITY OF COOK COUNTY (hereinafter "HACC") in the Circuit Court of Cook County Illinois, a copy of which is attached to Plaintiff's MOTION FOR RECONSIDERATION OF MOTION TO REMAND as **Exhibit A**. The Complaint alleged in relevant part the following facts. On March 10, 2015 the Plaintiff was attending a political event held by the Citizens to Elect Mayor Eric J Kellogg in the Social Room of the Turlington West Apartments (hereinafter referred to as "TWA") Id p 3 ¶ 15. TWA is located in Harvey Illinois Id p 1 ¶ 3, was owned and operated by HAAC Id p 1 ¶ 4 which is a

1

government agency Id p 5 ¶ 34 and Banister was the property manager employed by HAAC to manage TWA from 2013 to 2015 Id p 2 ¶ 12. Prior to that event, specifically on October 2, 2014, Plaintiff had filed a lawsuit against Bannister, HAAC and another individual for "Breach of Contract, Breach of Duty and other various torts" Id pp 2- 3 ¶ 13. Plaintiff was attending the political event on March 10, 2015 with an intent to register to vote and enjoy the event related to the upcoming mayoral election Id p 3 ¶ 17. Plaintiff also intended to work as a "poll-watcher" for the candidate which she alleged required her to be a registered voter Id p 5 ¶ 31. While at the political event Bannister "entered the social room while on duty, looked directly at the Plaintiff and ordered her to exit the political activity, stating that 'No guests were allowed'", despite the fact that that 25-35% of the attendees were guests Id p 3 ¶ 15. Plaintiff alleged that Banister's order for her to leave interfered with her political rights in violation of 50 ILCS 135/10(b) and constituted "neg1glence per se" Id p 6 ¶ 37. Plaintiff also alleged that "Defendant Bannister was acting out of spite to harm or embarrass the Plaintiff before the general public at large due to the Plaintiff's prior lawsuit filed October 2, 2014 against her for various tort actions" Id p 7 ¶ 46 (emphasis added).

### APPLICABLE STATUTORY LAW RELATED TO REMOVAL AND REMAND

Title 28 U.S.C. § 1331 governs federal question jurisdiction and provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Requests for removal of cases from State Court are made pursuant to 28 U.S.C. § 1441(b) which provides that "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable [from State court] without regard to the

2

citizenship or residence of the parties".  Finally, the time  requirements for and remedies related

to remanding a case to State court that has been removed improperly from State court is

provided for in 28 U.S.C. § 1447 (c) which states that "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction the case shall be remanded.  An

order remanding the case may require just costs and payment of actual expenses, including

attorneys fees incurred <u>as a result of the removal</u>." (emphasis added)


**ARGUMENTS**

**Applicable Case Law Governing Remands**

The party seeking removal bears the burden of establishing federal jurisdiction <u>Boyd v.</u>

<u>Phoenix Funding Corp</u>., 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal

statute narrowly, and any doubts regarding Jurisdiction are resolved in favor of remand <u>Doe v.</u>

<u>Allied-Signal, Inc.,</u> 985 F.2d 908, 911 (7th Cir. 1993).  A court ascertains the presence or

absence of federal question jurisdiction by examining whether a federal question appears on the

face of the plaintiff's well pleaded complaint <u>Nelson v. Stewart</u>, 422 F.3d 463, 466 (7th

Cir.2005) (citing <u>Caterpillar Inc. v. Williams,</u> 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318

(1987).  " The plaintiff, as master of his own complaint, may avoid federal jurisdiction by

pleading only state-law claims." Id. Stated another way, the plaintiff may, by eschewing claims

based on federal law, choose to have the cause heard in state court.

An exception to the well-pleaded complaint rule is the doctrine of preemption. <u>Disher v.</u>

<u>Citigroup Global Mkts. Inc</u>., 419 F.3d 649, 654 (7th Cir. 2005). Under this doctrine, a state law

claim can be removed to federal court if federal law either expressly or completely preempts

3

state law. Id. Express preemption occurs when "a federal statute explicitly provides that it overrides" state or local law. Boomer v. AT&T Corp., 309 F.3d 404, 417 (7th Cir. 2002). Moreover except in rare occasion, when a Defendant raises preemption as a defense to the state law complaint, this is not a basis for removal and " This is a matter, however, for the defendants to present to the state courts as a matter of defense." Nelson, 422 F.3d at 475.   Finaly, complete preemption only occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal claim. . . ." Nelson, 422 F.3d at 466-67.


### The Voting Rights Act and the Senate Report Accompanying 1982 Amendments

Section 2 of the VRA, as amended in 1982, provides in relevant part that:

(a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, ….

(b)   A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the S42 U.S.C.A § 1973tate or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice. The extent to which members of a protected class have been elected to office in the State or political subdivision is one circumstance which may be considered: *Provided*, That nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population. (emphasis added) 42 U.S.C.A § 1973

Several class based factors that are relevant in making the "totality of circumstances" assessment required by the VRA  are listed by the Senate Report accompanying the 1982 amendments to the Section 2 of the VRA which among other changes added subparagraph (b) see S. Rep. No. 417,

4

99th Cong. Sess. 28-29 (1982). Thus based upon the statutory language there is a violation of the VRA only when a plaintiff can prove that : 1) <u>a standard, practice, or procedure</u> was imposed by a State or political subdivision in a manner that <u>resulted</u> in denial or abridgement of citizens right to vote <u>based upon their race or color;</u> and 2) the plaintiff must prove based upon the <u>totality of circumstances</u> that <u>members of a class of citizens protected by subsection (a)  have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice.</u>

### Plaintiff's Complaint Cannot be Viewed as Supporting Defendants Claim That it Was Brought Under The Voting Rights Act

In the case at bar, Defendants have not raised the issue of preemption as a basis for removal and even if they could as noted above it would not, except on rare occasions, be a valid basis for such removal.   Defendants only basis claimed for removal in their NOTICE OF REMOVAL is that "the subject Complaint is brought under the Voting Rights Act ("VRA") of 1965 § 2 *et. seq.,* 42 U.S.C.A  §  1973"[1] NOTICE OF REMOVAL p. 2 ¶ 2.  Moreover, the Defendants admit in their NOTICE OF REMOVAL  that "Plaintiff does not explicitly bring claims under the Voting Rights Act" in her Complaint  and state that "Inasmuch as the subject complaint has brought claims for  depravation of the Plaintiff's claimed voter and voter registration rights" they infer that it was brought under the Section 2 of the VRA <u>Id</u> p. 2 ¶ ¶  3-4. This inference that Defendants rely upon as a basis for carrying their burden of establishing federal jurisdiction is not only is violation of the case law to be applied in determining whether

---

[1]  The VRA was editorially reclassified as 52 U.S.C §10301 but Plaintiff will continue to refer to the prior citation  in this memorandum.

removal is proper (any doubts regarding Jurisdiction are resolved in favor of remand. <u>Doe</u> <u>supra</u>) but also contradicted by the plain language of Plaintiff's Complaint as well as by the requirements for establishing a claim for violation of Section 2 of the VRA.

That Defendants claim is without any support on the face of Plaintiff's Complaint is readily apparent. Plaintiff framed her Complaint as interference with her political rights in violation of 50 ILCS 135/10(b) and negligence per se. The interference was Bannister's prohibiting her from attending a political event because she was a guest, which resulted in her not being able to register to vote. There are no allegations in Plaintiff's Complaint that the action taken by Bannister was a "standard, practice, or procedure". In fact any suggested that the actions taken were a "standard, practice, or procedure" is contracted by Plaintiff's allegation in her Complaint "that 25-35% of the attendees were guests". There also are no allegations that Banister even knew Plaintiff was there to try to register to vote and that Bannister's aim was to keep Plaintiff from registering to vote. In fact Plaintiff plainly stated in the Complaint that Bannister's motive was to punish Plaintiff for having filed an earlier Complaint against her.

But even if Plaintiff had alleged in her Complaint that the motive of Bannister was to keep her from registering to vote, it still would not raise a claim under Section 2 of the VRA. As noted above the plain language of Section 2 of the VRA as well as the Senate Report accompanying the 1982 amendments to Section 2 of the VRA lays out the requirements for establishing a claim for violation of Section 2. They both require that the state action be aimed at a class of people and not just a single individual. But more importantly Section 2 is triggered only when the action results in the denial or abridgement of the rights of citizens to vote <u>based upon their race or color</u>. Thus it is clear that based upon the plain language of the VRA, to state

6

of cause of action under Section 2 of the VRA the pleading must indicate that the challenged practice adversely effects the ability members of the electorate <u>as a class</u> to participate in the political process and elect members of their choice <u>based upon their race or color</u>. As noted above the plain language of the Plaintiff's Complaint directly denies that Bannister's motive was based upon race or color and that the challenged practice adversely effected the ability members of the electorate <u>as a class</u> to participate in the political process. Therefore it is clear that Plaintiff's Complaint cannot be read as supporting Defendants claim that it was brought under the Voting Rights Act.

### Plaintiff is Entitled to Costs and Attorney's Fees on Remand

Determining whether or not to grant award of costs and attorney's fees under 28 U.S.C.S. §1447(c) should be based upon propriety of defendant's removal. The Seventh Circuit has held that §1447(c) creates a rebuttable presumption that a plaintiff is entitled to them if removal is found to be improper <u>Hart v. Wal-Mart Stores, Inc</u>., 360 F.3d 674, 678 (7th Cir. 2004). In determining the propriety of removal, the court should consider the merits of defendant's case for removal at time of removal, and that requires review of removing party's actions based on objective view of legal and factual elements in the particular case <u>Hines v. Plane Paint, Inc</u>., 430 F. Supp. 2d 598 (S.D. Miss. 2005).

Defendants removal of Plaintiff's Complaint from State court based upon their claim that Plaintiff brought her Compliant under a federal statue was clearly improper. As noted above at the time of removal the Defendants admitted that "Plaintiff does not explicitly bring claims under the Voting Rights Act" in her Complaint. They inferred a Section 2 VRA claim when the

7

allegations in the Complaint refuted any plausible notion that it was ""brought under the Voting Rights Act" as the Defendants claimed in their NOTICE OF REMOVAL.   Additional, they made this claim with full knowledge that the Complaint does not meet the legal requirements for stating a claim under Section 2 of the Voting Rights Act.  That this is true is perhaps best proven by the timing and the content of their Motion to Dismiss filed in this case.  Around thirty days after Plaintiff was served with the NOTICE OF REMOVAL the Defendants filed a Motion to Dismiss (suggesting that they were prepared to do this at the time of filing).  But most revealing is the basis for the Motion and the langue that they use in it.  The Motion was based upon the Plaintiff's failure to state a claim upon which relief could be granted and the Defendants stated in both their Motion and the Memorandum filed in support of their Motion that "Plaintiff does not even begin to plead facts that would establish Defendants violated her Voting Rights" compare DEFENDANT'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT p. 2 ¶ 3 with DEFENDANT'S  MEMORANDUM IN SUPPORT OF THEIR 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT p.4


# IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an order remanding this case to the Circuit Court of Cook County Illinois for lack of federal question jurisdiction and enter a finding that removal was  improper. Plaintiff also requests that the Court

grant an award of costs and attorney's fees to Plaintiff as well as any other relief the Court deems

appropriate.

Respectfully submitted,

By /s/ Stephen Stern
Plaintiff's Attorney

Stephen Stern Attorney No. 50749
Law Office of Stephen Stern
36 S. Randolph Street, Suite 505
Chicago, Illinois 60601
(312) 263-1887
ssternlawoff@sbcglobal.net

9