0015/14-3080.WG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA RICE-DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO: 15-cv-06348 |
| ) | |
| LAKISHA BANNISTER, ) | JUDGE: Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK ) | |
| COUNTY (HACC), ) | Magistrate: Susan E. Cox |
| ) | |
| ) | |
| Defendants. ) | |

### RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
### THIS COURT'S DENIAL TO REMAND

NOW COME the Defendants, LAKISHA BANNISTER and the HOUSING AUTHORITY OF COOK COUNTY (hereinafter collectively referred to as "Defendants"), by and through one of their attorneys, DEBORAH ANNE OSTVIG of JUDGE, JAMES & KUJAWA, LLC, and, for their Response to Plaintiff's Motion to Reconsider This Court's Denial To Remand, state as follows:

1. Plaintiff BRENDA RICE-DAVIS filed her Complaint in the Circuit Court of Cook County, Sixth Municipal District on June 22, 2015. A copy of Plaintiff's Complaint is attached hereto and marked as Exhibit "A".

2. This matter was removed to this Court because, although Plaintiff does not explicitly bring claims under the Voting Rights Act, Plaintiff claims a deprivation of her voting and voter registration rights. (Ex. A.)

3. Plaintiff filed a Motion to Remand this matter claiming that this matter is a state law

L:\Main30\3080\15-CV-06348\Drafts\Response to Plaintiff's Motion To Reconsider Deny Remand.docx

1

matter brought pursuant to the Local Government Employees Political Rights Act, 50 ILCS 135.

4. On September 11, 2015, this Court denied Plaintiff's Motion without prejudice.

5. On October 23, 2015, Plaintiff filed a Motion to Reconsider this Court's September 11, 2015 order.

6. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F.Supp.2d 890, 891 (N.D.Ill.2002), (quoting Publishers Resource, Inc. v. Walker–Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir.1985)).

7. In essence, Plaintiff claims that because her Complaint was not attached to her Motion to Remand, this Court could not properly consider the allegations in her Complaint. Plaintiff is mistaken. Although it is true that Plaintiff did not attach her Complaint to her Motion to Remand, Defendants attached Plaintiff's Complaint to their Response to Plaintiff's Motion to Remand as Exhibit A. Thus, this Court had before it all pertinent documents in its consideration of Plaintiff's Motion. *See* Docket No. 14, Ex. A.

8. Moreover, Plaintiff contends that it is clear that her claims belong in state court because Defendants violated 135/10(b)-Political Rights Protected section of the Local Government Employees Political Rights Act which states in pertinent part:

> (b) No employee of a unit of a local government or school district may (i) use his or her official position of employment to coerce or inhibit others in the free exercise of their political rights or (ii) engage in political activities while at work or on duty.

9. "Political rights" are defined under the Local Government Employees Political Rights Act to include the following political activities under the Act:

>...to petition, to make public speeches, to campaign for or against political candidates, to speak out on questions of public policy, to distribute political literature, to make campaign contributions, and to seek public office. 50 ILCS 135/5.

10. When considering a remand, the court determines whether the real nature of the claim asserted is a federal claim, regardless of whether or not the claims are so characterized as federal claims by the Plaintiff. *See e.g. Waltrous, Inc. v. B.P.T. Air Freight Forwarding, Inc.*, 1990 WL 43332, (N.D. Ill. 1990)(*not reported*). *See also, Vantine v. Elkhart Brass Mfg. Co.*, 762 F.2d 511, 518 (7th Cir. 1985).

11. Here, Plaintiff does not claim Defendants allegedly inhibited her free exercise to petition, to make public speeches, to campaign for or against political candidates, to speak out on questions of public policy, to distribute political literature, to make campaign contributions, and to seek public office" as required under 50 ILCS 135/5, a state matter, but instead allegedly a deprivation of her voting and voter registration rights, a federal matter.

12. Specifically, Plaintiff claims that Defendants: (1)"inhibited the Plaintiff's free exercise of her political rights to register to vote"; (2) "inhibit[ed] the Plaintiff from registering to vote . . . and was restricted from exercising the freedom of her political rights as a citizen of Illinois and a resident of Harvey"; and (3) "[t]he Plaintiff was unable to perform a privilege, a right to register to vote and a right to cast her vote for any candidates of her choice on the ballot". (Ex. A, pp. 4-5, paras. 28-30).

13. Although it is not clear from Plaintiff's Complaint whether the matter involves race, and because Plaintiff's claims of a deprivation of her voting and voting registration rights are not matters properly considered under the Local Government Employees Political Rights Act, but are properly considered under the federal Voting Rights Act, this Court correctly determined it has

jurisdiction and this matter was properly removed to this Court.

14. Moreover, Plaintiff also claims that because she did not sufficiently plead an action under the Voting Rights Act that this matter should be remanded. Moreover, Plaintiff contends that because Defendants dispute that Plaintiff has pled sufficient facts under a 12(b)(6) standard to state a cause of action in this matter, Defendants should be sanctioned for removing this matter to federal court. This is absurd. A removal by a party is a determination that the jurisdiction of the claim brought is improper, not whether the matter was pled properly. It is axiomatic that a court may have jurisdiction over a matter, regardless if a claim is properly pled. A removal simply indicates that another court has the jurisdiction to determine whether a claim was properly pled under the respective federal statutes.

15. Thus, this Court should deny Plaintiff's motion to reconsider and for sanctions and retain jurisdiction of this matter.

WHEREFORE Defendants, LAKISHA BANNISTER and the HOUSING AUTHORITY OF COOK COUNTY, respectfully pray that this Court deny Plaintiff's Motion to Reconsider.

Respectfully Submitted,

*s/ Deborah A. Ostvig*
DEBORAH A. OSTVIG, Atty No. 6287031
MICHAEL E. KUJAWA , Atty No. 6244621
JUDGE, JAMES & KUJAWA, LLC
One of the Attorneys for Defendants,
LAKISHA BANNISTER and HOUSING
AUTHORITY OF COOK COUNTY

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

## CERTIFICATE OF SERVICE VIA ELECTRONIC FILING

The undersigned, an attorney, hereby certifies she caused a copy of the foregoing Response to Plaintiff's Motion to Remand to be served via electronic filing upon:

>Stephen Stern
>Law Office of Stephen Stern
>36 S. Randolph Street, Suite 505 Chicago, Illinois 60601
>(312) 263-1887
>ssternlawoff@sbcglobal.net

Dated:   November 19, 2015

>_s/ Deborah A. Ostvig_
>JUDGE, JAMES & KUJAWA, LLC
>DEBORAH A. OSTVIG, Atty No. 6287031
>MICHAEL E. KUJAWA, Atty No. 6244621
>One of the Attorneys for Defendants,
>LAKISHA BANNISTER and the HOUSING
>AUTHORITY OF COOK COUNTY

JUDGE, JAMES & KUJAWA, LLC
422 N. Northwest Highway, Suite 200
Park Ridge, Illinois 60068
847/292-1200
847/292-1208 (fax)

# Exhibit A

BRENDA RICE-DAVIS
15306 SOUTH ROBEY AVE. #410
HARVEY, ILLINOIS 60426
1-773-354-5104

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNICIPAL DISTRICT COURT-LAW DIVISION

| | |
|---|---|
| BRENDA RICE-DAVIS, ) | |
|    PLAINTIFF ) | |
| ) | |
| vs. ) | |
| ) | CASE NO. |
| LAKISHA BANNISTER, ) | |
| HOUSING AUTHORITY OF COOK ) | |
| COUNTY (HACC), ) | JURY TRIAL DEMANDED |
|    DEFENDANT ) | |

NOTICE OF FILING

To the above Defendants:
Housing Authority of Cook County (HACC)
175 West Jackson Blvd. Suite 350
Chicago, Illinois 60604
1-(847) 292-1200

Please take Notice I filed this Complaint on _June 22, 2015_.

COMPLAINT

A copy of the ~~Motion~~ *Complaint* is attached hereto and herewith served upon you via ~~U. S. Mail~~ on _____.

Ms. Brenda Rice-Davis
Plaintiff, *pro se*, Atty. No. 99500
15306 South Robey Avenue Unit #410
Harvey, Illinois 60426

10

```
BRENDA RICE-DAVIS
15306 SOUTH ROBEY AVE. #410
HARVEY, ILLINOIS 60426
1-773-354-5104
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNICIPAL DISTRICT COURT-LAW DIVISION

| | |
|---|---|
| BRENDA RICE-DAVIS, <br>     PLAINTIFF <br><br> vs. <br><br> LAKISHA BANNISTER <br> HOUSING AUTHORITY OF COOK <br> COUNTY (HACC), <br>     DEFENDANT | CASE NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1) Now comes the Plaintiff, BRENDA RICE-DAVIS, *pro se* and complain of the Defendant, LAKISHA BANNISTER AND THE HOUSING AUTHORITY OF COOK COUNTY (herein referred as HACC) and upon information and belief as to the activities of others and all other matters alleges the following:

2) The following facts are set forth before this court:

3) Plaintiff at all times mentioned in this complaint has been residing from June 3-6, 2013 to date of this complaint being filed at the Turlington West Apartments, (herein referred as TWA) located at 15306 South Robey, Unit 410 in Harvey, Illinois 60426.

4) Upon information and belief at all times mentioned herein, defendants HOUSING AUTHORITY OF COOK COUNTY, a government agency doing business as HACC and duly organized under the laws of the State of Illinois and authorized to conduct business in the State of Illinois. HACC is the owner and has been engaged in business as a leasing agent of the above mentioned address.

1

5) Venue is proper pursuant to 735 ILCS 5/2-101 as the AUTHORITY principal office was at all times relevant to this action and remains located in Cook County, Illinois. Further most, if not at all, of the business relations and disputes at issue occurred in Cook County, Illinois.

## GENERAL ALLEGATIONS/STATEMENT OF FACTS

6) Plaintiff repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

7) At all times mentioned herein in this complaint, the Plaintiff was a resident of Harvey, in Cook County, Illinois and had been a resident since June 3-6, 2013. (EXHIBIT D) PROOF OF RESIDENCE

8) At all times mentioned herein, particularly on March 10, 2015, the Plaintiff was residing with Mr. Vindee Winfrey, who had entered into a Residential Lease Agreement (herein referred as RLA) with HACC, giving him full tenancy to the unit abovementioned. (Exhibit A)

9) At all times mentioned herein, particularly on March 10, 2015, the defendants owned, operated, controlled and maintained the property located at 15306 South Robey in Harvey, Illinois 60426, commonly known as Turlington West Apartments.

10) From February 1, 2014 to January 31, 2015, the Plaintiff had entered into a RLA with HACC, a co-tenant residing with Vindee Winfrey at the abovementioned address.

11) On February 1, 2015, the lease expired, Plaintiff did not renew and Plaintiff continued to reside with Vindee Winfrey to this date of Complaint.

12) During 2013-2015, the defendant Bannister [was] a Property Manager, an agent employed by HACC, a local government. Defendant Bannister's [was] on duty at the abovementioned site from 8:30am to 4:30pm, Monday thru Friday and sometimes on Saturdays and Sundays when needed.

13) During the Plaintiff's 2014-2015 tenancy, on October 2, 2014, Plaintiff filed a lawsuit in Cook County against defendant Lakisha Bannister, Rodney Davis and HACC for

2

Breach of Contract, Breach of Duty and other various torts. (Exhibit B)

14) Defendant Bannister, an agent/employee of HACC was on active duty at the TWA on March 10, 2015 when the Political Activity commenced at 4:00pm in the Social Room.

15) On March 10, 2015, approximately 4:10 to 4:15 pm, Plaintiff was in attendance at a Partisan Political Event held at the Turlington West Apartments in the Social Room by the "*Citizens to Elect Mayor Eric J. Kellogg*". Plaintiff was initially seated by *campaigns workers*, served a free dinner, ice tea and was allowed to select a bingo card and gathered a few bingo cover chips. During the event, approximately 4:25 pm, suddenly and unexpectedly, defendant Bannister entered the social room while on duty, looked directly at the Plaintiff and ordered her to exit the political activity, stating that "No guests were allowed", by which 25-35 percent of the attendees were guests; not residents of Turlington West Apartments.(Exhibit C)

16) On March 10, 2015, after defendant Bannister made her direct statement to the Plaintiff, defendant looked intently and uninterrupted for several moments at the Plaintiff; an inference to the Plaintiff and others that her statement was directed specifically to her to exit the social room during the political activity. Plaintiff immediately got up out of her seat, tossed her unfinished food in the garbage, and summoned for her grandson (age 13) to accompany her. Then she exited the social room, passing defendant Bannister standing in the open doorway of the social room.

17) Plaintiff had not previously registered to vote prior to March 10, 2015 in Harvey, Illinois where she resides. She had purposely entered the TWA Social Room on March 10, 2015 to register to vote and to enjoy the festivities of the political event for the upcoming Mayoral election on April 7, 2015.

18) March 10, 2015 was the last day to register to vote in Harvey, Illinois. Plaintiff was inhibited from registering to vote by the defendant on March 10, 2015 therefore Plaintiff could not vote or place her ballot

3

for her preferred candidates on April 7, 2015; the general election.

19) Plaintiff did attempt to verbally inquire to political sponsors after the event was over, addressing the voting registration issue, but was informed that all registration agents had departed from the political activity.

20) Plaintiff is over the age of 18.

21) Plaintiff had not been legally convicted in this state or any other state or federal court and was not presently serving time.

22) Plaintiff resided in Harvey, Illinois, a permanent abode, constituting a residence within the meaning of the statue prescribing residence to the right to vote pursuant to 10 ILCS 5/3-2(a).

23) Plaintiff was residing in Harvey, Illinois more than 30 days prior to an election on April 7, 2015, a requirement to register to vote.

24) Plaintiff had made Harvey, Illinois her permanent residence.

25) Plaintiff had not taken up residence in another state, county, election district or precinct.

26) Plaintiff had established all registration requirements to register to vote in Harvey, Illinois on March 10, 2015.

27) On March 10, 2015, an adequate and substantially equal voting registration facility (TWA Social Room) was provided to the Plaintiff.

28) Defendants are responsible for Plaintiff's injuries on March 10, 2015 and as the owners of the building within which Plaintiff were injured, because they and/or their agent was acting beyond her authority, using her official position of employment, to engaged in a political activity while on duty and inhibited the Plaintiff's free exercise of her political rights to register to vote, interfering in a Partisan Political Activity held in the TWA social room.

4

29) As a direct and proximate result of that interference, by ejecting the Plaintiff from a political activity, inhibiting the Plaintiff from registering to vote, Plaintiff suffered severe damages and was restricted from exercising the freedom of her political rights as a citizen of Illinois and a resident of Harvey.

30) Plaintiff injuries prevented her from being able to fully perform as a resident of Harvey and a citizen of the Illinois. The Plaintiff was unable to perform a privilege, a right to register to vote and a right to cast her vote for any candidates of her choice on the ballot in the 2015 Mayoral Election on April 7, 2015 in Harvey, Illinois.

31) Plaintiff had to refrain from accepting an employment position offered to her as a "poll-watcher" because Plaintiff was not a registered voter on April 7, 2015, a requirement for the position; a substantial lost to the Plaintiff and a loss in future earnings.

32) Plaintiff injuries prevented her from obtaining employment from a candidate running for political office, and any other available positions thru the political networking channels she might have acquired if she was a registered voter on April 7, 2015.

### CAUSE OF ACTION/ COUNT ONE
### (NEGIGLENCE PER SE)

33) Plaintiff repeat and reallege each and every foregoing paragraph set forth above and incorporate the same by reference as though fully set forth at length herein.

34) The defendant owed Plaintiff a duty of care, as an agent under the principal agent HACC, a government agency, in allowing the Plaintiff to freely exercise her political rights on government property and not use her official position as Property Manager on duty to inhibit the Plaintiff from engaging in a political activity.

35) The defendant Bannister, as an agent of HACC using her official position of employment, had a duty to the Plaintiff (a resident of Harvey) to conform and not to inhibit a standard of conduct and to prevent the creation

5

of an unreasonable risk of harm to Plaintiff while the Plaintiff was engaging in a political activity.

36) The defendant Bannister was obligated to uphold that duty as an employee of a local government, an agent of HACC, specifically while using her official position of employment as Property Manager on March 10, 2015. She breach that duty by inhibiting, disrupting, obstructing and denying or otherwise interfering with the Plaintiff's substantive rights, interfering with an orderly function, a Partisan Political activity while she was on duty. The defendant Bannister inhibited the free exercise of the Plaintiff's political rights being carried out in HACC's building or on the land. This conduct by the defendant falls far below the required standard of care.

37) The defendant's actions were in direct violation of the 50 ILCS 135/10(b) and/or reasonable and customary practices protecting a citizen's political rights and, therefore, defendant's actions constitute negligence per se.

38) The 50 ILCS 135/10(b)(ii), the act, in part, provides that employees of public entities, including municipalities, *cannot* engage in political activities while at work or on duty.

39) The 50 ILCS 135/10(b)(ii) provisions at issue were enacted to protect the general public (the Plaintiff as "others") attending(on March 10, 2015) a political activity (Citizens to Elect Mayor Kellogg) from government agents (defendant Bannister) while on duty as Property Manager(from 4:15 to 4:30 pm) from inhibiting and interfering with the Plaintiff's free exercise of her political rights (registering to vote) and her enjoyment in a partisan political activity (having dinner and playing bingo) being conducted on government property (TWA's Social Room).

40) Plaintiff is a member of the general public, a resident of Harvey, Illinois and, therefore, in the class of the protected person intended to be protected by the Illinois Compiled Statues and/or reasonable and customary political practices.

41) Plaintiff's political rights to participate directly or indirectly in the establishment or the administration

6

of government should not have been inhibited by agent of HACC/defendant Bannister while she was on duty as a Property Manager on March 10, 2015.

42) The injuries sustained by Plaintiff are the type of injuries (defendant inhibiting Plaintiff's free exercise of her political rights) that the Illinois Compiled Statues and/or reasonable and customary political practices were established to protect against. It's prime purpose such as "prevention", i.e. political rights protected.

43) As a direct and proximate result of the foregoing statutory violations and the related negligence and carelessness of the defendants, for which defendants are liable under the doctrine of negligence per se, Plaintiff have suffered severe and serious personal injuries: denied the right to register to vote, inhibited from voting on April 7, 2015 due to the injuries on March 10, 2015 along with humiliation, mistreatment, embarrassment, degradation of her character and anger when she was ejected from the social room. These acts have caused the Plaintiff to worry about being humiliated again in future political events given at TWA. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert and prove them with particularity.

44) The defendant's acts and misconduct described in this complaint was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

45) Therefore, as result of defendant's acts, the Plaintiff has constantly been the topic of brutal gossip by various groups residing in TWA; ridiculed and bombarded by tenants questioning her standing relationship with HACC, therefore if the defendant Bannister had not ejected Plaintiff out of a political activity; these acts would not have occurred.

46) Defendant Bannister was acting out of spite to harm and embarrass the Plaintiff before the general public at large due to the Plaintiff's prior lawsuit filed on October 2, 2014 against her for various tort actions.

47) The common area (TWA's social room) is used primarily by the tenants of TWA but not exclusively but

7

also for the residents of Harvey for political activities and campaign solicitations. It is the primary site for the use as a polling place for Harvey's elections.

48) At no time (*while in the social room or upon entering*) was the Plaintiff drawing any attention to herself that would have prompt ejection by the sponsors of the political activity or by defendant Bannister.

49) Plaintiff have, since the incident on March 10, 2015, experienced continuous unemployment and will continue to endure unemployment until another political opportunity opens up in Harvey, Illinois for a 57 year old with medical problems.

50) The defendant Bannister had no valid excuse for her actions on March 10, 2015, specifically while on duty for HACC, in her official position of employment, and none for inhibiting and interfering in the Plaintiff's free exercise of her political rights or engaging in a political activity.

51) The defendant (HACC) is liable for the conduct of the defendant /employee/agent (Bannister) on the wrongful acts and the misconduct within the scope of her employment, which those acts were placed on the Plaintiff to suffer damages, placing HACC as the "*Respondeat Superior*".

52) As a further result of defendant's acts, Plaintiff has sustain general damages, Plaintiff seek damages in an amount in excess of 25,000.00.

53) **Wherefore**, the Plaintiff prays judgment against defendant as follows:

54) For general damages in an amount in excess of twenty-five thousand dollars,
55) For lost of wages according to proof in the amount of 10,000.00,
56) For such other and further relief as the court may deem just and proper.
57) JURY TRIAL DEMANDED

Respectively submitted,



8

*Brenda Rice-Davis* (signature)

Ms. Brenda Rice-Davis
Plaintiff, *pro se*
15306 South Robey Ave.
Unit 410
Harvey Illinois. 60426
Phone: 1-773-354-5104
Attorney No. 99500

9

## XVII. Waiver

No delay or failure by the Authority in exercising any right under this Lease Agreement, and no partial or single exercise of any such right shall constitute a waiver (post or prospective) of that or any other right, unless otherwise expressly provided herein.

**TENANT AGREES THAT ALL THE PROVISIONS OF THIS LEASE HAVE BEEN READ AND ARE UNDERSTOOD AND FURTHER AGREES TO BE BOUND BY ITS PROVISIONS AND CONDITIONS AS WRITTEN. (SIGNATURE REQUIRED ON PART II OF THE LEASE.)**

---

### PART II of the RESIDENTIAL LEASE AGREEMENT:

**THIS AGREEMENT** is executed between the Housing Authority of the County of Cook (herein called the "Authority"), and

**VINDEE WINFREY** (herein called the "Tenant"), and becomes effective as of this date: **2/1/2015**.

(1) **Dwelling Unit:** The Authority, relying upon the representations of Tenant as to Tenant's income, household composition and housing need; leases to Tenant, (upon Terms and Conditions set forth in Part I of this Lease Agreement) the dwelling unit LOCATED at **15306 S ROBEY ST, 410, HARVEY, IL 604260000** (and hereinafter called the "premises") to be occupied exclusively as a private residence by Tenant and household. The Tenant's Dwelling Unit Number is: **241582** and Tenant Code is: **t0015945**.

(2) **Household Composition:** The Tenant's household is composed of the individuals listed below. Other than the Head or Spouse, each household member should be listed by age, oldest to youngest. All members of the household over age 18 shall execute the Lease. <u>Remaining Family Members</u>: In the event the head of household dies or leaves the dwelling unit for any reason, continued occupancy by remaining household members is permissible only if there is one or more authorized household members on the Lease and living in the household.

| Family Member Name | Relationship to HOH | Date of Birth |
|---|---|---|
| VINDEE WINFREY | HOH | 07/31/1954 |

(3) **Term:** The term of this Lease shall be one calendar year, renewed as stipulated in Part I of the Lease.

(4) **Rent: $154**

☐ Tenant chooses to pay flat rent. Initial rent (prorated for partial month) shall be $_____. Thereafter, flat rent in the amount of $_____ per month shall be payable in advance on the first day of each month and shall be delinquent after the fifth day of said month. Flat rent does not include a Utility Allowance.

☒ Tenant chooses to pay income-based rent. Initial rent (prorated for partial month) shall be **$154** and, if applicable, the Tenant shall receive the benefit of **$0** from the Authority for Utility Reimbursement (for partial month) for the period beginning **02/01/2015** and ending at midnight on **02/28/2015**.

Thereafter, rent in the amount of **$154** per month shall be payable in advance on the first day of each month and shall be delinquent after the fifth day of said month. A Utility Reimbursement of **$0** per month (if applicable) shall be paid to the Tenant by the Authority.

Exhibit B

BRENDA RICE-DAVIS
15306 SOUTH ROBEY AVE. #410
HARVEY, ILLINOIS 60426
1-773-354-5104

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
SIXTH MUNCIPAL DISTRICT COURT- LAW DIVISION

| | | |
|---|---|---|
| BRENDA RICE-DAVIS<br>PLAINTIFF, | ) ) ) | COMPLAINT |
| vs. | ) ) | NO. |
| LAKISHA BANNISTER,<br>RODNEY DAVIS,<br>HOUSING AUTHORITY OF COOK<br>COUNTY (HACC),<br>DEFENDANT | ) ) ) ) ) | DEMAND FOR JURY TRIAL |

COMPLAINT

Now comes the plaintiff, BRENDA RICE-DAVIS, *pro se* and complain of the defendant, LAKISHA BANNISTER, RODNEY DAVIS and HOUSING AUTHORITY OF COOK COUNTY commonly called HACC, (herein called the AUTHORITY); upon personal information as to their own activities and upon information and belief as to the activities of others and all other matters, and state as follows:

NATURE OF ACTIONS

1) This is an action against THE AUTHORITY for retaliation, breach of contract, interference in contract relation ...and more related claims arising from a landlord/tenant relationship between BRENDA RICE-DAVIS and THE AUTHORITY. By this action, Brenda Rice-Davis seeks *inter alia*, compensatory damages and any other such damages deemed by the court.

VENUE

Petitioner's GRANTED

Case: 1:15-cv-06348 Document #: 22 Filed: 11/19/15 Page 19 of 20 PageID #:151

c

Exhibit C

# CITIZENS TO ELECT MAYOR ERIC J. KELLOGG
# INVITES
# ALL RESIDENTS

TO BINGO
AND DINNER WITH
MAYOR ERIC J. KELLOGG

TUESDAY, MARCH 10, 2015
4PM



EXHIBIT D

**Certificate Of Mailing**

From: Brenda Rice-Davis
15306 S. Robey #41C
Harvey, Ill 60426

To: Judge, James + Kujawa, LC
Atty at Law
422 N. Northwest Highway
Suite 200 Park Ridge, Ill 60068-3283

MARKHAM, IL 60428
JAN 05. 15
AMOUNT $1.30

PITNEY BOWES
$ 000.48
FEB 05 20
MAILED FROM ZIP CODE 6006

CAROL STREAM
IL 601
05 FEB '15
PM 6 1

**HARMONY**
A WellCare Company

Corporate Quality Improvement MPLTR MCD
PO Box 31491
Tampa, FL 33631-3491

March 28, 2015

****************AUTO**3-DIGIT 604
Brenda Rice-Davis
15306 Robey Ave Apt 410
Harvey, IL 60426-2969

Dear Brenda Rice-Davis:

**JUDGE, JAMES & KUJAWA, LLC**
ATTORNEYS AT LAW
422 N. NORTHWEST HIGHWAY, SUITE 200
PARK RIDGE, ILLINOIS 60068-3283

Brenda Rice-Davis
Plaintiff, pro se
15306 South Robey Ave. Unit 410
Harvey, Illinois 60426