UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA RICE-DAVIS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No: 15-cv-06348 |
| ) | |
| LAKISHA BANNISTER and ) | Judge Sharon Johnson Coleman |
| HOUSING AUTHORITY OF COOK COUNTY ) | |
| ) | Magistrate Susan E. Cox |
| Defendants. ) | |

**PLAINITFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO REMAND**

Defendants reference to some of the standards applicable to motions to reconsider stated by the Court in *Finnsugar Bioproducts, Inc. v. Almagamated Sugar Co. LLC,* 244 F Supp. 2d 890 (N.D. ILL. (2002) is not controlling in this case. This court indicated in its September 11, 2015 order that the motion was denied without prejudice because the facts that would support a remand and/or related to its jurisdiction were at issue. Moreover, as the court is aware, the original motion was made by a *pro se* plaintiff who failed to clearly point to in her motion the factual basis in her complaint and the legal basis to establish the lack of this court's jurisdiction under the Voting Rights Act. As stated by the court in *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) a motion to reconsider a remand order is proper " where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension" *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Plaintiff respectfully suggests that this principle is applicable in the case at bar. In addition, as noted in plaintiff's memorandum of law in support of its motion to reconsider, 28

1

U.S.C. § 1447 (c) makes it clear that "at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." (emphasis). Thus, defendants suggestion that *Finnsugar Bioproducts, Inc.* should cut off consideration of this motion for reconsideration is without merit.

Moreover, defendants reliance upon *Vantine v. Elkhart Brass Mfg. Co.* 762 F. 2d 511,518 as a basis for holding that plaintiff's complaint is actually brought under the Voting Rights Act is equally misplaced. In *Vantine* plaintiff argued that complaint stated a cause of action under state tort law for retaliation for filing a worker's compensation claim. However, the complaint alleged that "the actions of Defendant Elkhart Brass and Wausau were grossly negligent and constitute tortuous interference with Plaintiff Kenneth Vantine's employment contract rights and further constitute breach of his employment contract." Id at 516. The employment contract that was referred to was the collective bargaining agreement that Elkhart Brass had entered into with its employees and defendants claimed that since the collective bargaining agreement was at issue in the case, the cause of action is covered under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 . In agreeing with the defendant's postion the court stated that in determining whether a case involves a federal question involving removal the foremost principle is "… that the existence of a federal question must appear on the face of the plaintiff's complaint." Id. Here the defendants inferred the existence of a cause of action under the voting rights act and the complaint (among other vital defects) directly refutes a vital element of a voting rights act claim, to wit: that the actions were based upon the plaintiff's race. Thus, the defendants have offered no reasons or controlling authorities for denying plaintiff's request that the case be remanded back to state court and that she be awarded her attorneys fees and costs.

Respectfully submitted,

By /s/ Stephen Stern
Plaintiff's Attorney

**Certificate of Service by Electronic Filing**

I, Stephen Stern, certify that a true and correct copy of **PLAINITFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR RECONSIDERATION OF MOTION TO REMAND** was served on the person listed below by e-filing a copy of the same using this Court's EFC filing system on this 24th Day of November 2015

Deborah A. Ostvig
JUDGE, JAMES & KUJAWA, LLC
422 NORTH NORTHWEST HIGHWAY, SUITE 200
PARK RIDGE, IL 60068

s/Stephen Stern

Stephen Stern Attorney No. 50749
Law Office of Stephen Stern
36 S. Randolph Street, Suite 505
Chicago, Illinois 60601
(312) 263-1887
ssternlawoff@sbcglobal.net

3